[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION FOR ORDER (#240) AND OBJECTION (#241)
A decree of dissolution was entered November 26, 1974. The decree incorporated by reference the separation agreement of the parties.
Article 15 of the Agreement sets forth a life insurance provision whereby, the plaintiff agreed to maintain a certain life insurance policy with a face value of $50,000 for the benefit of the defendant or their children (so long as the children are under the age of 21 years). CT Page 7753
At a hearing held in April, 1990 it was represented that the insurance policy had lapsed for nonpayment, and as a result of the husband's health problems and alcoholism, the plaintiff was unable to reinstate the coverage as ordered. The court ordered the plaintiff to set up a trust for the benefit of the defendant in the amount of $50,000 and in conformity with the Separation Agreement of the parties.
A further hearing was held in March, 1991 and although a transcript was ordered for the file, none has been provided.
The Separation Agreement provided in paragraph 15(a) that, if the wife shall remarry, the husband may eliminate the wife as beneficiary. . . Alimony payable to the wife would also terminate on the wife's remarriage. It would appear that the life insurance was security for the payment of periodic alimony.
Counsel for the plaintiff now requests that the trust agreement be funded with a life insurance policy paid 2 years in advance by by the plaintiff and owned by the defendant.
The court enters the following orders to be complied with within 30 days of date:
1. The trust shall be funded with a life insurance policy in the face amount of $50,000 — paid up 24 months (2 years) by the plaintiff, in advance. The plaintiff shall be responsible for the payment of all premiums due on said policy. The defendant shall be the beneficiary on said life insurance policy all in accordance with the provisions as set forth in Article 15 of the Separation Agreement.
2. The defendant shall be designated as the owner of said policy.
3. The plaintiff shall place the sum of $8,500 into said trust to provide for the payment of the premiums on said policy as they shall come due.
4. In the event the life insurance policy is cancelled for any reason, the plaintiff shall forthwith fund said trust with $50,000 worth of fundable assets.
5. Counsel for the plaintiff and the defendant shall be co-trustees of the trust.
6. The plaintiff remains in contempt of court and can purge himself by complying with the orders of the court as set forth herein. CT Page 7754
7. Any expenses incurred in setting up said trust shall be borne by the plaintiff.
8. The defendant is awarded counsel fees of $350 payable forthwith.
COPPETO, J.